NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BROAD, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT U.S.A., INC., et al., <br><br> Defendants. | Civil Action No. 14-771 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff's motion for reconsideration of the portion of the Court's June 30, 2016, Opinion and Order granting Defendants' motion for summary judgment on the issue of punitive damages on Plaintiff's claim for age discrimination under the New Jersey Law Against Discrimination.

A court may grant a motion for reconsideration if the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is "an extraordinary remedy," and is to be granted very "sparingly." *See NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)). "[S]uch motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Plaintiff has failed to demonstrate that reconsideration is warranted. Rather,

1

Plaintiff attempts to use a motion for reconsideration as a second chance to raise arguments that should have been made during the initial briefing, when, by failing to address his punitive damages claim, Plaintiff waived the issue. *See Samoles v. Lacey Twp.*, 12-cv-3066, 2014 WL 2602251, at *4 n.8 (D.N.J. June 11, 2014) ("District courts in and out of this Circuit routinely deem abandoned a party's claim when that party fails to present any opposition to a motion for summary judgment.") (collecting cases).

In any event, Plaintiff has failed to satisfy the high bar for punitive damages. Like any other case where punitive damages are available, punitive damages should only be awarded under the NJLAD in exceptional cases. *See DiGiovanni v. Pessel*, 55 N.J. 188, 190 (1970). The wrongdoer's conduct must be "especially egregious." *Rendine v. Pantzer*, 141 N.J. 292, 313 (1995) (citations omitted). That is, Plaintiff must show "actual malice" or "a wanton and willful disregard of persons who might be harmed[.]" *Cavuoti v. New Jersey Transit Corp.*, 161 N.J. 107, 120 n.2 (1999). "[P]unitive damages are not automatically available simply on the basis of a LAD violation." *Maiorino v. Schering-Plough Corp.*, 302 N.J. Super. 323, 353 (App. Div. 1997). Broad's evidence in support of his age discrimination claim does not establish exceptionally egregious conduct.

For the foregoing reasons,

**IT IS** on this 16th day of September, 2016,

**ORDERED** that Plaintiff's motion for reconsideration [Docket No. 33] be, and hereby is, **DENIED**.

        s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge